## Commonwealth v. Cassady.

### (Decided September 28, 1917.)

### Appeal from Whitley Circuit Court.

Evidence.—The evidence fails to support the charge.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This prosecution in the name of the Commonwealth of Kentucky is based upon an information filed in the Whitley circuit court against the appellee, and in which the appellee was charged with the offense of selling patent and proprietary medicines without having a license authorizing him to do so, he not being a druggist or merchant selling from his place of business. The statute creating the offense of which the appellee was accused in the information was Subdivision 4, of Article XII, Chapter 108, of the Kentucky Statutes, and which makes it a misdemeanor for any person to engage in the sale of patent medicine, other than a merchant or druggist selling from his place of business, or for a transient vendor, or trader of patent, secret or proprietary medicines or nostrums to engage in their sale without having procured a license and having paid the tax thereon required by that statute. The parties made an agreed statement of facts upon which the information was based, and agreed that the court might determine from the facts stated in the writing whether the appellee was guilty or innocent

of the charge. The circuit court rendered a judgment finding the appellee not guilty and dismissed the information, and from that judgment the appellant has appealed. Without entering into a detailed statement of all the facts agreed upon as the evidence in the case, it is sufficient to say that the evidence wholly fails to even tend toward showing that the articles which appellee is charged with selling were either patent or proprietary medicines, and without the article being either one or the other, the appellee could not be guilty of the charge in the information. The only description given of the article sold was that it was "Quaker Herbs," but there is no intimation that it was a patent medicine or a proprietary medicine. It does not seem that the court below could have rendered any other judgment than it did, and the judgment is therefore affirmed.